IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LAWRENCE POWERS,

          Plaintiff,          Civil Action No. 2:17-CV-00648

          v.          Hon. Peter J. Phipps

NORFOLK SOUTHERN RAILWAY
COMPANY,

          ELECTRONICALLY FILED

          Defendant.

## DEFENDANT'S TRIAL BRIEF

Defendant, NORFOLK SOUTHERN RAILWAY COMPANY (hereinafter "NS"), by and through its counsel, Dickie, McCamey & Chilcote, P.C., files the within Trial Brief, as follows:

**A. THE COURT MUST STRIKE PORTIONS OF PLAINTIFF EXPERT TOMMASINA PAPA-RUGINO, M.D.'S TESTIMONY AS BEYOND THE SCOPE OF HER REPORT PURSUANT TO FED. RULE CIV. P. 26(2)(B)**

Plaintiff identified neuropsychologist Tommasina Papa-Rugino, M.D. as an expert pursuant to the Court's Pretrial Orders. Dr. Papa-Rugino's three page report, dated 8/17/18 (attached hereto as Exhibit "A"), was based on her 4/11/18 evaluation of the Plaintiff. The sum and substance of Dr. Papa-Rugino's opinions are set forth under the heading <u>Assessment and Conclusions</u>:

> In summary, Mr. Powers sustained a concussion in (*sic*) 6/2014 with resultant headaches, post-concussive symptoms, and back pain. Upon review of the medical records, no evaluation or treatment was outside the realm of medically appropriate care. Therefore, his overall care was appropriate and consistent with good standard of care. He was able to return to work in 2016, and is presently asymptomatic.
>
> These opinions are provided to within a reasonable degree of medical certainty and are based on my review of the records provided, my premedical and medical education, my medical and neurology residency training, my > 25 years of clinical experience as a neurologist including Chief of the Division of

Neurology at Hackensack-Meridian Southern Ocean Medical Center as well as Medical Director of the Concussion Program at Hackensack-Meridian Southern Ocean Medical Center, and my continuing medical education. These opinions are provided considering the information provided to me at this time; if additional new information becomes available, I reserve the right to alter, amend, and/or expand upon my opinions as appropriate and necessary.

Dr. Papa-Rugino's deposition for use at trial was taken on January 23, 2019. At her trial deposition, and over the objection of defense counsel, Dr. Papa-Rugino offered opinion testimony regarding the following matters not identified or discussed within her report:

- Criticism of the treatment provided by Plaintiff's treating neuropsychologist, Erin Reynolds, PsyD. (Papa-Rugino Trans. pp. 68-76, 80-83);
- Interpretation of the neuropsychological evaluation performed by Tad Gorske, Psy.D. on 12/16/14 (Papa-Rugino Trans., pp. 35, 75-76, 80-83);
- "suboptimal effort" performed by Plaintiff on the formal symptom validity test of 12/16/14 (Papa-Rugino Trans., pp. 53-56, 70-76);
- Records and opinions of treaters Michael Collins, Psy.D. and Glen Getz, Ph.D. (Papa-Rugino Trans., pp. 32-45, 61-63); and,
- Plaintiff's inability to return to work before April 2016 (Papa-Rugino Trans., pp. 43-44, 47, 68-76).
  Above referenced portions of Dr. Papa-Rugino's Transcript are attached collectively hereto as Exhibit "B."

Disclosure of Expert Testimony is governed by Rule 26 of the Federal Rules of Civil Procedure, which states, in *pertinent part*:

> (2) *Disclosure of Expert Testimony.*
> (B) Witnesses Who Must Provide a Written Report. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:
> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the facts or data considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;

Experts may testify to as to matters outside the report if that information was within the scope of the report, and does not present unfair surprise to the objecting party; matters outside of the scope must be excluded. *Koninklijke Philips Elecs. N.V. v. Zoll LifeCor Corp.*, 2017 U.S. Dist. LEXIS 115693, 2017 WL 3140798; *Bizich v. Festival Fun Parks*, LLC, 2013 U.S. Dist. LEXIS 90282, *10, 91 Fed. R. Evid. Serv. (Callaghan) 1056, 2013 WL 3279558.

With regard to Dr. Papa-Rugino's report, her only opinion, as set forth in full above, was that the Plaintiff's medical care and treatment was necessary and appropriate. It was not disclosed to Defendant before the trial deposition that Dr. Papa-Rugino would be offering opinions regarding when Plaintiff should have returned to work, criticism of Dr. Reynolds' release of Plaintiff to work, and Plaintiff's suboptimal effort on the symptom validity test of 12/16/14 and possible reasons for suboptimal effort (when she acknowledged she only had three pages of Gorske's six page report). These opinions are not in her report.

Additionally, Dr. Papa-Rugino opined that the 12/8/15 neuropsychological evaluation performed by Glen Getz, PsyD was a "real test" as opposed to Dr. Gorkse's neuropsychological examination. In fact, Dr. Papa-Rugino acknowledged at the trial deposition that she had not reviewed Dr. Getz's or Dr. Collins' treatment records until <u>after</u> she had submitted her 8/17/18 report. Dr. Papa-Rugino issued no supplemental report detailing her review of Dr. Collins' treatment records or the neuropsychological evaluation performed by Dr. Getz or her opinions on any new topics. As such, Defendant had no notice that these new opinions based on records Dr. Papa-Rugino had not reviewed at the time of her report would be would be elicited by Plaintiff's counsel on direct examination.

Therefore, due to the unfair surprise and lack of notice as to opinions being offered for the very first time at the trial deposition, Dr. Papa-Rugino's testimony referencing her

criticism of Dr. Reynold's treatment, her interpretation of Dr. Gorske's neuropsychological evaluation, Dr. Collins' records, Dr. Getz' neuropsychological evaluation, suboptimal effort of symptom validity tests, and Plaintiff's ability to return to work and when, should be stricken. The admission of these statements by Dr. Papa-Rugino into the record would unfairly prejudice defendant as it had no notice to prepare for these statements.

**B. TREATING PHYSICIAN DR. COLLINS' TRIAL DEPOSITION TESTIMONY MUST BE LIMITED TO THE CONTENT OF HIS RECORDS**

Michael Collins, PhD., a psychologist, treated the Plaintiff from 11/11/2015 through 3/14/2017. Dr. Collins was not identified by the Plaintiff as a retained medical expert, and Dr. Collins issued no expert report. As a treating physician, Dr. Collins' testimony is limited to his treatment records for the Plaintiff. Plaintiff took the trial deposition of Dr. Collins on January 31, 2019. At his trial deposition, and over the objection of defense counsel, Dr. Collins gave opinions and testified as to matters not contained in his treatment records, including the following:

- Back door of the van fell on his truck and hit the left frontal portion of his head (Collins Depo Trans., p. 7);
- Interpretation of test results of the neuropsychological evaluation performed by Glen Getz, PsyD., on 12/7/2015 (Collins Depo Trans., pp. 15-23);
- Significance of effort on symptom validity testing (Collins Depo. Trans., pp. 17-22);
- Treatment records of, and treatment by, Erin Reynolds, PhD. (Collins Depo. Trans., pp. 31-33);
- Anxiety and the treatment of anxiety (Collins Depo. Trans., pp. 18, 23-24, 26-29);
- Amantadine as the "worst medication" for anxiety (Collins Depo. Trans., pp. 23-24);
- Causation (Collins Depo. Trans., pp. 26-28);
- The primary projector or profile of Plaintiff's problems was anxiety (Collins Depo. Trans., p. 26); and,
- Plaintiff was not a malingerer (Collins Depo. Trans., pp. 20-21).
  Above referenced portions of Dr. Collins' Transcript are attached collectively hereto as Exhibit "C."

Dr. Collins' records do not include the treatment records of Erin Reynolds, Ph.D., the report of the neuropsychological evaluation of Glen Getz, PsyD., assessment of the Plaintiff's anxiety regarding testing, effort on neuropsychological testing, any conclusion that Plaintiff's "primary trajectory or profile of problems was anxiety, analysis of formal symptom validity testing performed by Drs. Getz or Gorske. Dr. Collins' only comments and conclusions in his records regarding the neuropsychological examination that he ordered to be performed by Dr. Getz are noted on 2/25/16:

> *He underwent a neuropsychological evaluation with Dr. Glen Getz on 12/7/2015. Results revealed a relative weakness on processing speed measures, which negative (sic) affects his selective attention abilities and consequently free recall of previously learned material.*

A treating physician who has formulated opinions going beyond what was necessary to provide appropriate care for the injured party steps into the shoes of a retained expert for purposes of FRCP 26(a)(2). *Thomas v. Conrail*, 169 F.R.D. 1 (D. Mass 1996). As Dr. Collins did not provide an expert report setting forth his opinions on the various topics outlined above and elicited at his trial deposition, the Defendant had no notice of such opinion testimony. To allow testimony regarding matters and opinions not contained in Dr. Collins' records into the record unfairly prejudices the Defendant.[1]

                                        Respectfully submitted,

                                        DICKIE, McCAMEY & CHILCOTE, P.C.

                                        By: /s/ Janet K. Meub

---

[1] Plaintiff's counsel agrees that matters and opinions outside a treating physicians' records are inadmissible. Plaintiff's counsel made a similar objection at the deposition of treating psychologist, Erin Reynolds, PhD. (Reynold's Depo. Trans., p. 5).

J. Lawson Johnston, Esquire
Janet K. Meub, Esquire

Two PPG Place, Suite 400
Pittsburgh, PA 15222
(412) 281-7272

Counsel for Defendant, Norfolk Southern
Railway Company

**CERTIFICATE OF SERVICE**

I hereby certify that on February 10, 2019, I electronically filed the foregoing **Defendant's Trial Brief** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

Samuel J. Rosenthal, Esquire
BARISH ROSENTHAL
Three Logan Square, Suite 4020
1717 Arch Street
Philadelphia, PA 19103

DICKIE, McCAMEY & CHILCOTE, P.C.

By: /s/ Janet K. Meub
J. Lawson Johnston, Esquire
Janet K. Meub, Esquire
Counsel for Defendant,
Norfolk Southern Railway Company